IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------- x

EXXON MOBIL CORPORATION, BP PRODUCTS
NORTH AMERICA INC., CHEVRON U.S.A., INC.,
MOTIVA ENTERPRISES LLC and TEXACO INC.,

        Plaintiffs,

        -against-

BRIMFIELD HOUSING AUTHORITY, COTUIT
FIRE DISTRICT WATER DEPARTMENT, TOWN
OF DUXBURY, TOWN OF HANOVER,
HILLCREST WATER DISTRICT, LEICESTER
WATER SUPPLY DISTRICT, TOWN OF
MONSON, CITY OF PEABODY, TOWN OF
TEWKSBURY, TOWN OF TYNGSBORO,
WESTVIEW FARMS, INC., CHELMSFORD
WATER DISTRICT, EAST CHELMSFORD
WATER DISTRICT, NORTH CHELMSFORD
WATER DISTRICT, TOWN OF SPENCER, TOWN
OF EDGARTOWN, TOWN OF WEST
BROOKFIELD, TOWN OF DUDLEY, TOWN OF
CHARLTON, TOWN OF HALIFAX, TOWN OF
PEMBROKE, TOWN OF WARE, SOUTH
SAGAMORE WATER DISTRICT, TOWN OF
MARION, TOWN OF MAYNARD, TOWN OF
NORTH READING, TOWN OF WAYLAND,
TOWN OF HUDSON, TOWN OF AVON, TOWN
OF BEDFORD, TOWN OF BELLINGHAM, CITY
OF BROCKTON, CENTERVILLE-OSTERVILLE-
MARSTONS MILLS WATER DEPARTMENT,
TOWN OF DANVERS, DEDHAM WESTWOOD
WATER DISTRICT, TOWN OF DOVER, TOWN
OF EAST BRIDGEWATER, TOWN OF EAST
BROOKFIELD, TOWN OF EASTON, TOWN OF
HANSON, TOWN OF HOLLISTON, MASSASOIT
HILLS TRAILER PARK, INC., TOWN OF
MERRIMAC, CITY OF METHUEN, TOWN OF
MILLIS, TOWN OF NATICK, TOWN OF
NORFOLK, TOWN OF NORTH
ATTLEBOROUGH, NORTH RAYNHAM WATER
DISTRICT, TOWN OF NORTON, TOWN OF
NORWELL, TOWN OF READING, SANDWICH

Case No. _____

MAGISTRATE JUDGE Cohen

AMOUNT $150
SUMMONS ISSUED yes - 60
LOCAL RULE 4.1
WAIVER FORM
MF ISSUED
BY DPTY CLK
12/17/03

03 CV 12539 RGS

U.S. DISTRICT COURT
DISTRICT OF MASS.

2003 DEC 17 P 2: 11

FILED
CLERK'S OFFICE

| | |
|---|---|
| WATER DISTRICT, TOWN OF STOUGHTON, SUDBURY WATER DISTRICT, TOWN OF WEST BRIDGEWATER, WESTPORT FEDERAL CREDIT UNION, TOWN OF WEYMOUTH, TOWN OF WILMINGTON and TOWN OF YARMOUTH, | : : : : |
| Defendants. | : |
| ------------------------------------------------------------ | : |
| | : x |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, for their Complaint against Defendants herein, aver, on personal knowledge as to themselves and upon information and belief as to others, as follows:

### Nature of the Case

1. This case arises out of an unprecedented attack on the pervasive federal regulatory scheme governing the content of gasoline. It is an attack launched through an avalanche of state court lawsuits filed against various petroleum refiners, making nearly identical legal claims that refining, distributing, and/or marketing gasoline containing methyl tertiary butyl ether ("MTBE"), a federally approved gasoline component used to comply with federally mandated oxygenated fuels programs, by itself, gives rise to liability under state statutes or common law theories, such as negligence or strict products liability (collectively referred to herein as "MTBE products liability claims").

2. In other words, state court plaintiffs, in a raft of recent filings, seek to hold refiners liable based solely upon their compliance with a federally mandated fuel content requirement by using one of the seven approved oxygenates.

-2-

3. Moreover, these same state court plaintiffs invariably pray for punitive, exemplary, or enhanced damages, or penalties, all sought to punish refiners and others premised exclusively on conduct both authorized and required by federal law. In sum, state court plaintiffs seek to punish refiners retrospectively for complying with comprehensive federal requirements by using MTBE and to effectively ban the use of MTBE prospectively, notwithstanding its federal approval.

4. At its core, this case presents the question of who may determine the content of gasoline for motor vehicles nationwide: the United States Environmental Protection Agency (the "USEPA"), charged by Congress in the Clean Air Act with that authority; or, disparate civil juries in state courts in multiple jurisdictions in a large number of individual separate actions?

5. Collectively, the state court actions asserting MTBE products liability claims threaten a federally regulated activity essential to local, regional, interstate and international commerce. These MTBE products liability claims threaten to disrupt supplies of gasoline by allowing civil juries to effectively ban the use of MTBE in gasoline. State court MTBE products liability claims seek to have civil juries substitute their judgment for that of Congress and the USEPA.

6. This attack should be stopped now, because product liability claims concerning the content of gasoline – specifically, the oxygenate content of gasoline – are preempted by the Federal Government's pervasive occupation of the field, as well as by the objectives and system of regulation enacted by Congress and promulgated by the USEPA in this area.

7. Plaintiffs seek declaratory relief, praying for a judgment declaring that such claims are preempted under the Supremacy Clause of the United States Constitution.

8. Plaintiffs also seek declaratory relief, praying for a judgment declaring that claims for punitive damages arising out of conduct authorized by federal law and claims based upon any failure to warn of the inclusion of MTBE in gasoline are likewise preempted and/or constitutionally infirm.

9. It is important to note that this case is not about the culpability or liability of individuals or entities that affirmatively release (*e.g.*, spill) gasoline into the environment that actually and proximately causes environmental harm. State statutory and common law provide well-established and tested civil remedies -- such as claims for nuisance -- to parties who have suffered such injuries, to be asserted against the person or persons actually responsible for the release itself. Such traditional state law statutory and tort claims are not preempted by federal law, are not affected by Plaintiffs' claim for declaratory relief and will not be lost to state court plaintiffs if this Court grants the relief sought.

10. Instead, this case concerns attempts to hold an entire industry liable, based upon various novel state product liability and unfair trade practice theories, for alleged environmental harm with which Plaintiffs, as refiners, distributors, or marketers had no connection, based upon conduct authorized and effectively required by federal law.

11. The content of all gasoline is pervasively regulated by the Federal Government. The federal Clean Air Act, 42 U.S.C. § §7400, et seq., prohibits the sale of any gasoline that has not been duly registered with and meets requirements promulgated by the USEPA. 42 U.S.C. § 7545.

12. Section 7545(c)(4)(A) specifically provides that "no State (or political subdivision thereof) may prescribe or attempt to enforce, for purposes of motor vehicle emission control, any

control or prohibition respecting any characteristic or component of a fuel or fuel additive in a motor vehicle . . .."

13.  An adequate and assured supply of gasoline for motor vehicles is critical to the economic health of the United States on a national, regional and local level.

14.  Approximately **336,000,000** gallons of gasoline are consumed in the United States every day. Gasoline is critical to fire and police protection and other essential services including health care, sanitation, education and Homeland Security. Gasoline is also critical to the Nation's economy, acting as the very "life-blood" in transporting goods and providing services. Gasoline is an essential commodity to tens of millions of Americans going to work and carrying out their everyday activities.

15.  Refining, distributing and marketing gasoline is a complex and competitive business conducted on a national and international scale. Gasoline purchases by consumers are the end product of an extended and comprehensive infrastructure, with many participants here and abroad. The gasoline sold at a local gasoline service station, for example, may have been: pumped as crude oil in Saudi Arabia or Venezuela; shipped across the Atlantic Ocean or Gulf of Mexico; refined in Texas or Louisiana; transported through pipelines crossing up to 14 or 15 States; stored at various terminals large and small in a number of States; and, finally, delivered that morning or that week by truck to the service station.

16.  In 1979, MTBE was first registered with and approved by the USEPA as an additive to gasoline, pursuant to 42 U.S.C. §7545 and its implementing regulations. Only with such regulation and approval did it become lawful to add MTBE into gasoline sold anywhere in the United States.

17. In 1990, concerned with a compelling need to improve the Nation's air quality, Congress amended the Clean Air Act to mandate minimum required amounts of oxygen in all gasoline sold in many areas of the United States. In enacting these amendments, Congress knew and intended that petroleum refiners would have to blend "oxygenates"[1] into gasoline to meet these new standards.

18. In 1990, when it mandated the use of oxygenates in gasoline, Congress knew that, due to supply limitations and technical considerations, only a limited number of oxygenates could be used to meet the new oxygenate requirements. Congress also knew and intended that one of those oxygenates would be methyl-tertiary butyl ether, or MTBE. For instance, Senator Daschle's remarks concerning how the oxygenate mandates would be met acknowledged the USEPA's prediction "that the amendment will be met almost exclusively by MTBE, a methanol derivative." 136 Cong. Rec. 10792 (1990).

19. In 1992 and 1994, in its regulations implementing the Clean Air Act oxygenate mandates, the USEPA specifically approved the use of MTBE by refiners to comply with these fuel content requirements. The USEPA recognized, both at those times and more recently, that refiners must use MTBE to comply with the federal oxygenate mandates.

20. Plaintiffs are companies that have been or are extensively engaged in the production, refining, distributing, and marketing of petroleum products, including gasoline containing MTBE in compliance with the federal Clean Air Act's oxygenate mandates.

21. A potential crisis now threatens this pervasive federal regulatory scheme, as well as the petroleum industry's ability to supply gasoline throughout the country that complies with federal fuel content requirements. That crisis is an explosion of state court lawsuits filed by

---

[1] "Oxygenates" are chemical compounds – ethers or alcohols – which, when blended with gasoline, materially increase the oxygen content of fuel.

private and municipal entities around the country, alleging that refiners are either strictly liable and/or liable in negligence solely because they refined, distributed and sold gasoline containing MTBE in compliance with the federal Clean Air Act's oxygenate mandates.

22.  As of the filing of this Complaint, Plaintiffs are aware of over 50 state court lawsuits in 14 different states, each asserting claims based solely upon the refining, distributing and marketing of gasoline containing MTBE. More than 150 state court plaintiffs have filed such claims within the last two months.

23.  Such claims are typically styled as claims for strict products liability, averring that gasoline containing MTBE is a defectively designed or unreasonably dangerous product. Alternatively, such claims are styled as sounding in negligence, again based solely on Plaintiffs' and others' blending of MTBE into gasoline. Moreover, such claims are almost always joined with allegations or separate claims based upon an alleged failure to warn unspecified third parties that MTBE had been added to gasoline. All such claims, *inter alia*, are referred to herein collectively as "MTBE product liability claims."[2]

24.  The state court action plaintiffs assert MTBE product liability claims, notwithstanding the Federal Government's pervasive regulation of gasoline's content.

25.  The state court action plaintiffs assert MTBE product liability claims, notwithstanding that:

- ❖ Congress knew and intended that MTBE would be used to comply with its Clean Air Act fuel content requirements and oxygenate mandates;

- ❖ Congress was informed and knew that MTBE would have to be used to comply with its Clean Air Act fuel content requirements and oxygenate mandates, because the

---

[2] For purposes of this Complaint, "MTBE products liability claims" do not include claims arising out of alleged conduct directly related to the event or release that actually causes contamination. For instance, "MTBE product liability claims" do not include traditional state law nuisance claims asserted against a defendant based upon the alleged defendant's direct responsibility for a release of gasoline from a storage tank. Such claims, when based upon a defendant's conduct causing a release as opposed to the underlying formulation of gasoline, are not preempted by federal law.

supply of every other available oxygenate – including ethanol – was not sufficient to meet the demand the mandates would create;

- The USEPA approved only a limited number of oxygenates for use in gasoline, and expressly recognized that MTBE's use by Plaintiffs and others was and is essential to meet federal fuel content requirements;

- **Before** approving the oxygenate rules, the USEPA knew:

- MTBE would constitute 90% or more of all oxygenates used in the United States;

- MTBE was more soluble than certain other gasoline constituents, was more persistent and more costly to clean up, and could create taste and odor problems in drinking water at lower concentrations;

- Underground gasoline storage tanks at service stations and other facilities were likely to experience leaks and could be a source of contamination effecting drinking water supplies across the country;

- The USEPA, not the Plaintiffs, conducted its own risk/benefit analysis and concluded that the benefits of cleaner air, including improved public health, outweighed the known risk of continuing leaks from service stations contaminating the Nation's water supplies;

- In spite of these known and recognized risks, the USEPA nonetheless effectively required the use of MTBE on a massive scale;

- The USEPA concluded that other oxygenates, such as ethanol, were not feasible or viable alternatives to using MTBE. More specifically, the Federal Government knew that logistical and transportation problems, tax subsidy and tax policy issues, and inadequate ethanol production capacity prevented ethanol's use on a widespread or comprehensive basis;

- Plaintiffs herein and the petroleum industry could not have met the gasoline needs of consumers – nationally or regionally – and also complied with federal law without blending MTBE in gasoline. Plaintiffs had (and have) no reasonable alternative, in achieving compliance nationwide with federal fuel content requirements, to using MTBE in gasoline.

26.  Each state court lawsuit asserting a MTBE product liability claim or claims, by itself, poses a significant threat to the supply of gasoline to the jurisdiction in which the case is pending, because petroleum refiners, including Plaintiffs, cannot ascertain during the case's pendency what gasoline may contain without resulting in liability under state law.

27. Moreover, the risk of inconsistent state court verdicts and judgments threaten to balkanize the gasoline fuel supply chain. For example, oxygenated fuels are mandated in the greater New York City metropolitan area, which includes portions of the States of New York, New Jersey, and Connecticut as defined by the USEPA under the applicable federal statute. If a state court in New York holds that MTBE in gasoline is a "defective product," while a separate state court in New Jersey concludes that it is not, Plaintiffs would have no means of determining whether they may properly continue distributing MTBE containing gasoline in that single regulatory area.

28. Moreover, if MTBE product liability claims such as these are not preempted by federal law, there is no legal reason why comparable claims cannot be asserted against Plaintiffs and others for using any of the other six approved oxygenates to comply with federal fuel content requirements. Each of the remaining six approved oxygenates shares, to varying degrees, the characteristics of MTBE in gasoline which the state court claimants now complain make gasoline with MTBE "defective." Use of any of the approved oxygenates involves trade offs. Some of the other six are listed by the USEPA or state environmental agencies as known human carcinogens. Absent the declaratory relief sought herein, Plaintiffs, although required by federal law to blend an oxygenate into gasoline, have no means of determining which oxygenates they may use without subjecting themselves to the uncertainties of what is, in effect, fuel content regulation through individual state court tort actions.

29. For precisely these types of reasons, the Federal Government, through the Clean Air Act and the USEPA's regulations, has occupied the field of fuel content regulation.

30. The threat posed by these MTBE product liability claims to Plaintiffs is enormous and immediate. Almost all of the cases asserting MTBE product liability claims seek not only

compensatory damages and injunctive relief, but punitive damages and penalties. At the same time, Plaintiffs in many jurisdictions have no choice but to refine, distribute and market gasoline containing MTBE in order to comply with the federal oxygenate mandates. Consequently, Plaintiffs in those jurisdictions are placed in the position of having to use MTBE in gasoline pursuant to federal law while at the same time, absent this declaratory judgment, being put at risk of being held liable for punitive damages and penalties for doing so.

31. Contemporaneous with the filing of this action, the Plaintiffs herein and others are commencing comparable actions in other District Courts, for the purpose of seeking identical declaratory relief against other entities that have asserted MTBE product liability claims in other States. Plaintiffs likewise will seek the transfer of this action and those actions, through the Judicial Panel on Multi-District Litigation ("JPMDL"), either to the United States District Court for the Southern District of New York, as part of a previously existing multi-district proceeding, In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation, MDL No. 1358, or to some other Court, as the JPMDL deems appropriate.

### The Parties

#### Plaintiffs

32. Exxon Mobil Corporation ("ExxonMobil") is a corporation incorporated in the State of New Jersey, with its principal place of business in Irving, Texas. ExxonMobil has refined, distributed, and/or marketed, and is refining, distributing, and marketing, gasoline containing MTBE in compliance with the federal Clean Air Act's oxygenated fuels mandate.

33. BP Products North America Inc. ("BP") is a corporation incorporated in the State of Maryland, with its principal place of business in Chicago, Illinois. BP has refined, distributed, and/or marketed, and is refining, distributing, and marketing, gasoline containing MTBE in compliance with the federal Clean Air Act's oxygenated fuels mandate.

34. Chevron U.S.A., Inc. ("Chevron") is a corporation incorporated in the State of Pennsylvania, with its principal place of business in San Ramon, California. Chevron has refined, distributed, and marketed, and is refining, distributing, and marketing, gasoline containing MTBE in compliance with the federal Clean Air Act's oxygenated fuels mandate.

35. Motiva Enterprises LLC ("Motiva") is a limited liability company established under the laws of the State of Delaware, with its principal place of business in Houston, Texas. Motiva has refined, distributed, and/or marketed, and is refining, distributing, and marketing, gasoline containing MTBE in compliance with the federal Clean Air Act's oxygenated fuels mandate.

36. Texaco Inc. ("Texaco") is a corporation incorporated in the State of Delaware, with its principal place of business in San Ramon, California. Texaco has refined, distributed, and/or marketed, and is refining, distributing, and marketing, gasoline containing MTBE in compliance with the federal Clean Air Act's oxygenated fuels mandate.

37. When the term "Plaintiffs" is used alone, it refers to all Plaintiffs named herein collectively.

**Defendants**

38. Defendants are public water providers who have commenced a joint action in the Massachusetts Superior Court, Suffolk County, entitled *Brimfield Housing Authority, et al. v. Amerada Hess Corporation, et al.* In this joint action, Defendants assert MTBE product liability claims against Plaintiffs and others.

39. Defendant, Brimfield Housing Authority, is a public water provider under the laws of the Commonwealth of Massachusetts. The Brimfield Housing Authority has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County,

against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

40. Defendant, Cotuit Fire District Water Department, is a public water provider under the laws of the Commonwealth of Massachusetts. Cotuit Fire District Water Department has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

41. Defendant, Town of Duxbury, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Duxbury has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

42. Defendant, Town of Hanover, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Hanover has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

43. Defendant, Hillcrest Water District, is a public water provider under the laws of the Commonwealth of Massachusetts. The Hillcrest Water District has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

44. Defendant, Leicester Water Supply District, is a public water provider under the laws of the Commonwealth of Massachusetts. The Leicester Water Supply District has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

45. Defendant, Town of Monson, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Monson has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

46. Defendant, City of Peabody, is a public water provider under the laws of the Commonwealth of Massachusetts. The City of Peabody has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

47. Defendant, Town of Tewksbury, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Tewksbury has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

48. Defendant, Town of Tyngsboro, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Tyngsboro has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and

others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

49.  Defendant, Westview Farms, Inc., is a public water provider under the laws of the Commonwealth of Massachusetts. Westview Farms, Inc. has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

50.  Defendant, Chelmsford Water District, is a public water provider under the laws of the Commonwealth of Massachusetts. The Chelmsford Water District has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

51.  Defendant, East Chelmsford Water District, is a public water provider organized under the laws of the Commonwealth of Massachusetts. The East Chelmsford Water District has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

52.  Defendant, North Chelmsford Water District, is a public water provider under the laws of the Commonwealth of Massachusetts. The North Chelmsford Water District has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

53. Defendant, Town of Spencer, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Spencer has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

54. Defendant, Town of Edgartown, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Edgartown has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

55. Defendant, Town of West Brookfield, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of West Brookfield has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

56. Defendant, Town of Dudley, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Dudley has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others.

In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

58.  Defendant, Town of Charlton, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Charlton has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

59.  Defendant, Town of Halifax, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Halifax has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

60.  Defendant, Town of Pembroke, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Pembroke has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

61.  Defendant, Town of Ware, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Ware has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

62. Defendant, South Sagamore Water District, is a public water provider organized under the laws of the Commonwealth of Massachusetts. The South Sagamore has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

63. Defendant, Town of Marion, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Marion has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

64. Defendant, Town of Maynard, is a public water provider organized under the laws of the Commonwealth of Massachusetts. The Town of Maynard has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

65. Defendant, Town of North Reading, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of North Reading has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

66. Defendant, Town of Wayland, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Wayland has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and

others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

67. Defendant, Town of Hudson, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Hudson has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

68. Defendant, Town of Avon, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Avon has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

69. Defendant, Town of Bedford, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Bedford has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

70. Defendant, Town of Bellingham, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Bellingham has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

71. Defendant, City of Brockton, is a public water provider under the laws of the Commonwealth of Massachusetts. The City of Brockton has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

72. Defendant, Centerville-Osterville-Marstons Mills Water District, is a public water provider under the laws of the Commonwealth of Massachusetts. The Centerville-Osterville-Marstons Mills Water District has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

73. Defendant, Town of Danvers, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Danvers has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

74. Defendant, Dedham Westwood Water District, is a public water provider under the laws of the Commonwealth of Massachusetts. The Dedham Westwood Water District has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

75. Defendant, Town of Dover, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Dover has filed the aforementioned joint state

court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

76. Defendant, Town of East Bridgewater, is a public water provider under the laws the Commonwealth of Massachusetts. The Town of East Bridgewater has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

77. Defendant, Town of East Brookfield, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of East Brookfield has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

78. Defendant, Town of Easton, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Easton has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.

79. Defendant, Town of Hanson, is a public water provider under the laws of the Commonwealth of Massachusetts. The Town of Hanson has filed the aforementioned joint state court action in the Massachusetts Superior Court, Suffolk County, against Plaintiffs and others. In this joint state court action, this Defendant has asserted MTBE product liability claims against Plaintiffs and others.